# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 19-CV-231-JED-JFJ |
| v. | ) |
| | ) |
| SILVIA ZAMANO, a/k/a SILVIA VILLANUEVA a/k/a SILVIA VERONICA PADILLA, individually and d/b/a MI RINCONCITO KARAOKE BAR, EL RINCONCITO KAREOKE BAR, EL RINCONSITO KARAOKE BAR, EL RINCONSITO NIGHT CLUB, et al., | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

The Court has for its consideration plaintiff's Motion for Default Judgment and Brief in Support (Motion) (Doc. 15, 16). For the reasons discussed herein, the Court finds that the Motion should be granted, as set forth below.

**I.    Background**

Plaintiff alleges that defendants unlawfully intercepted and exhibited *Saul Alvarez v. Julio Cesar Chavez, Jr. Championship Fight Program,* (the Program) on May 6, 2017. (*See* Doc. 2; Doc. 16). Plaintiff had exclusive nationwide commercial distribution rights to the Program. The interstate transmission of the Program was encrypted and available only to commercial establishments that entered into a sub-licensing agreement with the plaintiff. Nicolin Decker, an investigator hired by plaintiff, observed the Program being shown at the defendants' establishment known as Mi Rinconcito Karaoke Bar, even though the defendants had not obtained a license for the program from the plaintiff. Decker counted twenty-seven people inside the establishment and

the Program was displayed on three television screens. She said there were no admission fees or cover charges. (Doc. 16-2). The sub-licensing fee for an establishment the size of Mi Rinconcito Karaoke Bar would have been $2,200. (Doc. 16-1 at 3). Plaintiff alleges that the defendants' actions were in violation of 47 U.S.C. § 605. Plaintiff has presented evidence that the illegal interception of the program is not and cannot be mistakenly, innocently, or accidentally intercepted. (*See* Doc. 16-1 at 3-4, ¶ 9).

The defendants were served but did not appear or file answers. On October 7, 2019, the Court Clerk entered a default against defendants. (Doc. 14). Plaintiff now moves for default judgment and requests $110,000 against defendants plus $1,935.00 in attorneys' fees and $723.83 for costs incurred.

## II. Damages

Plaintiff seeks maximum statutory damages against defendants under 47 U.S.C. § 605(e)(3)(C)(i)(II), which provides that an aggrieved party "may recover an award of statutory damages for each [unauthorized publication of an intercepted broadcast] in a sum of not less than $1,000 or more than $10,000, as the court considers just . . . ." Plaintiff also seeks maximum enhanced damages against the defendants pursuant to the statute, which in part provides:

> In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation.

47 U.S.C. § 605(e)(3)(C)(ii). In sum, plaintiff requests $110,000 in damages against the defendants.

The undersigned has typically declined to award the maximum damages in similar cases. *See, e.g., J & J Sports Productions, Inc. v. Cordoba*, No. 16-CV-184-JED-FHM, 2016 WL 6238583 (N.D. Okla. October 25, 2016), *J & J Sports Productions, Inc. v. Martinez*, No. 16-CV-

573-JED-PJC, 2017 WL 374472 (N.D. Okla. January, 25, 2017), *J & J Sports Productions, Inc. v. Miranda*, No. 16-CV-188-JED-TLW, 2017 WL 1987246 (N.D. Okla. May 12, 2017) and *J & J Sports Productions, Inc. v. Duran*, No. 16-CV-189-JED-PJC, 2017 WL 2960538 (N.D. Okla. July 11, 2017). All of those cases cited *Joe Hand Promotions, Inc. v. John M. McLemore*, No. 10-CV-772-CVE-TLW (N.D. Okla. Sept. 26, 2011), in which eighty-four people were counted at the establishment at the time of the broadcast; no cover fee was charged; and the event was broadcast on three television screens. *Id*. at 3. United States District Judge Claire V. Eagan declined to award the requested maximum statutory and enhanced damages and instead awarded the plaintiff $2,500 in statutory damages and $2,500 in enhanced damages. That amount, the court reasoned, was sufficient both to "compensate the plaintiff for any fee that should have [been] paid by the defendants," and to "punish defendants for the illegal conduct and deter future violations." *Id.*

Of the four cited cases, *Duran* is the most similar to the case at hand insofar as there were three televisions but no reported cover charges. Having compared the uncontested facts presented in this case to similar cases, the Court finds and concludes that an award of $5,000.00 in statutory damages pursuant to § 605(e)(3)(C)(i)(II) and $5,000.00 in enhanced damages pursuant to § 605(e)(3)(C)(ii) will adequately and justly compensate the plaintiff for any fee that should have been paid by the defendants and will sufficiently deter future similar violations.

**III.    Full Costs**

Under 47 U.S.C. § 605(e)(3)(B)(iii), the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees[,] to an aggrieved party who prevails." The Court has considered plaintiff's attorneys' fees and costs submissions (Doc. 16-3, 16-4) and finds that an award of $1,935.00 for attorneys' fees and $723.83 for costs is reasonable and appropriate in light of the work expended as indicated by the filings of record.

**IV.     Conclusion**

Plaintiff's Motion for Default Judgment (Doc. 15) is **granted**.  The Court finds that an award of $5,000.00 in statutory damages and $5,000.00 in enhanced damages, for a total of $10,000.00 in damages, along with $1,935.00 in attorneys' fees and $723.83 in costs, is appropriate under the applicable statutes and circumstances.  A Judgment will be entered consistent with this Opinion and Order.

SO ORDERED this 14th day of October, 2020.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT